

Hamilton Square
600 Fourteenth Street, N.W.
Washington, D.C. 20005-2004
202.220.1200
Fax 202.220.1665

Goutam Patnaik
202.220.1237
patnaikg@pepperlaw.com

July 20, 2018

***Via ECF***

Judge Joan M. Azrack
United States District Court for the Eastern District of New York
Long Island Courthouse, Courtroom 920
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Andrea Electronics Corporation v. Apple Inc.*, Case No. 2:16-cv-05220 (JMA) (SIL)

Dear Judge Azrack,

On January 9, 2017, defendant Apple Inc. ("Apple") filed two separate petitions for *inter partes* review ("IPR") against plaintiff Andrea Electronics Corporation's ("Andrea") asserted U.S. Patent No. 6,363,345 (the "'345 Patent") with the Patent Trial and Appeals Board of the United States Patent and Trademark Office ("PTAB"). On July 25, 2017, the PTAB instituted those IPRs as IPR2017-00626 (the "'626 IPR") and IPR2017-00627 (the "'627 IPR").

On May 30, 3018, Apple filed a Notice of Finality of ITC Decision and Notice of IPR Proceedings at the Patent Office, in which Apple represented that "[t]he parties agree that the stay may remain in place until July 24, 2018," based on the fact that final written decisions in the IPRs were due by that statutory deadline. (D.I. 14.) Apple's Notice further stated that the "parties will submit their respective positions regarding any further stay at that time, in view of the PTAB's final written decisions."

On July 12, 2018, the PTAB issued its final written decisions in the IPRs. In the '626 IPR, Apple failed to show that claims 4-11 and 39-46 are unpatentable. (Attachment A at 2, 24.) In 'the 627 IPR, Apple failed to show that claims 6-9, 17-20, 24, and 47 are unpatentable. (Attachment B at 2, 30.) Thus, both IPRs are concluded and claims 6-9 of the '345 Patent remain valid and enforceable.

**Pepper Hamilton LLP**
Attorneys at Law

Judge Joan M. Azrack
July 20, 2018
Page 2 of 2

In furtherance of Apple's May 30, 2018 Notice, Andrea submits this letter to request that the stay be lifted. The Court has the inherent power to manage its docket by staying proceedings. *See, e.g., Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). However, "[w]hen circumstances have changed such that the court's reasons for imposing the stay no longer exist or are appropriate, the court may lift the stay." *Canady v. Erbe Elektomedizin GmbH*, 271 F. Supp.2d 64 (D.D.C. 2002). With the IPRs concluded, the circumstances have changed, and Andrea is prepared to go forward with the present action regarding valid and enforceable claims 6-9 immediately.

As such, Andrea respectfully requests that Your Honor lift the stay and schedule a status conference at your earliest convenience to establish a procedural schedule for this action. Please contact me if you require any further documentation or other information.

Respectfully submitted,

*/s/ Goutam Patnaik*

Goutam Patnaik
Pepper Hamilton, LLP
600 14th St. NW
Washington, DC 20005
Telephone: 202.220.1237
Fax: 202.220.1665
patnaikg@pepperlaw.com

*Counsel for Plaintiff Andrea Electronics Corp.*