

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

CLFUKUDA@SIDLEY.COM
+1 212 839 7364

July 23, 2018

**Via CM/ECF**

Honorable Joan M. Azrack
United States District Judge
United States District Court for the Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

    Re:    <u>Andrea Electronics Corporation v. Apple Inc.</u>, Case No. 2:16-cv-05220-JMA-SIL

Dear Judge Azrack:

    On behalf of Defendant Apple Inc. ("Apple") in the above-captioned action, I write to provide notice of relevant Patent Trial and Appeal Board ("PTAB") decisions and to request leave to file a motion to extend the stay of this action.

    On July 12, 2018, the PTAB issued two Final Written Decisions in IPR proceedings regarding U.S. Patent No. 6,363,345 ("the '345 patent"), finding claims 1-5, 10-25, and 38-47 unpatentable (D.I. 15, Attachments A and B). Of the asserted claims of the '345 patent in this action, only claims 6-9 remain. Apple understands that Plaintiff Andrea Electronics Corporation ("Andrea") intends to move forward with the assertion of only claims 6-9 of the '345 patent in this action. Because Apple will be appealing to the Federal Circuit the PTAB decisions with respect to those four remaining claims, Apple seeks to extend the stay of this action pending the final resolution of the IPR proceedings at the Federal Circuit.

    Extending the stay of this action pending final resolution of the IPR proceedings is appropriate in view of all three factors considered for this determination: (1) a stay will substantially simplify, if not completely resolve, the issues in question and trial of the case; (2) the stage of the proceedings is very early in this action—Apple has not even responded to the Complaint, discovery has not yet begun, and no trial date has been set; and (3) a stay will not prejudice the nonmoving party—in the unlikely event that any claim is upheld by the Federal Circuit, there is little risk that Andrea, which seeks to derive licensing revenues for its patents, will suffer any irreparable harm that cannot be compensated through monetary relief. *See, e.g., Straight Path IP Group, Inc. v. Verizon Communications Inc.*, 2016 WL 6094114 (S.D.N.Y 2016).

# SIDLEY

Page 2

      There are additional compelling reasons to extend the stay. During the prior proceedings at the United States International Trade Commission ("ITC") in *In the Matter of Certain Audio Processing Hardware, Software, and Products Containing the Same*, Investigation No. 337-TA-1026, Administrative Law Judge Dee Lord found all four of those remaining claims of the '345 patent not infringed by Apple, either literally or under the doctrine of equivalents. ALJ Lord's finding of no infringement under the doctrine of equivalents was provided in her July 28, 2017 decision on summary determination (Exhibit 1 at 1, 10-15), which was not appealed by Andrea, and is now final (Exhibit 2 at 1-2). ALJ Lord's finding of no literal infringement by Apple was provided in her October 26, 2017 Initial Determination, after a full hearing on the merits (Exhibit 3 at 36-40, 43, 96; *see also* Exhibit 4 at 34-40).[1]

      Despite the substantial proceedings that have taken place at the ITC and at the PTAB, Andrea is seeking to relitigate the same infringement and validity issues in this action, which would require substantial investment of this Court's time and resources. This can be avoided by extending the stay of this action pending the final resolution of the IPR proceedings by the Federal Circuit.

      In view of the bases set forth above, Apple respectfully requests leave to file a motion to extend the stay of this action pending the final resolution of the IPR proceedings at the Federal Circuit. Apple understands that Andrea will oppose this motion.

Respectfully submitted,

Ching-Lee Fukuda
Partner

cc:    Counsel for Plaintiff Andrea Electronics Corporation via ECF

---

[1] The Commission did not need to reach this noninfringement issue in its April 18, 2018 Final Determination finding no violation by Apple, and therefore took no position on it (Exhibit 5 at 1, 48).