## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREA ELECTRONICS CORPORATION, | |
| Plaintiff, | Case No. 2:16-cv-05220 (JMA)(SIL) |
| v. | |
| APPLE INC. | |
| Defendant. | |

### PLAINTIFF'S MOTION TO LIFT STAY OF PROCEEDINGS

Pursuant to the Court's Orders entered on November 1 and November 9, 2018, Plaintiff Andrea Electronics Corporation ("Andrea") hereby moves to lift the stay that was put in place on December 20, 2016.

"When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are appropriate, the court may lift the stay." *Canady v. Erbe Elektomedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002). Here, the Court's reason for entering the stay no longer exists. The Court entered the stay "pending final determination of the United States International Trade Commission ("ITC") in *In the Matter of Certain Audio Processing Hardware, Software, and Products Containing the Same*, Investigation No. 337-TA-1026."[1] (Order, Dec. 20, 2016). The ITC's determination became final on May 21, 2018.

The parties subsequently agreed that the stay could remain in place until July 24, 2018, the deadline for the Patent Office to conclude the *inter partes* review ("IPR") proceedings that Apple filed during the pendency of the 1026 Investigation. The Patent Office issued its Final Decisions in the IPRs on July 12, 2018.

---

[1] Andrea refers to this ITC Investigation as the "1026 Investigation."

Now that both the 1026 Investigation and IPRs have concluded, a stay is no longer appropriate.  The IPR proceedings simplified the issues in this case and confirmed the validity of the four remaining claims asserted in this matter (*i.e.,* claims 6-9 of Andrea's U.S. Patent No. 6,363,345).[2]  Thus, maintaining the stay will not further simplify the issues.  Instead, continuing the stay through Apple's appeal of the IPR decisions will unduly prejudice Andrea and further delay resolution of this matter.

Finally, while this case has not progressed after the stay was implemented in 2016, the parties have the benefit of a developed record in the 1026 Investigation through significant discovery and a full evidentiary hearing.  Pursuant to 28 U.S.C. § 1659(b), the parties will be able to utilize that record as it will be transmitted to this Court, such that the stage of the case, as advanced by the ITC proceedings, favors lifting the stay.  Thus, for the reasons described herein and in the accompanying memorandum, Andrea respectfully requests the Court lift the stay.

Dated:  November 29, 2018               Respectfully submitted,

*/s/ Goutam Patnaik*
Goutam Patnaik
Pepper Hamilton LLP
600 14th Street, NW
Washington, DC 20005
Telephone: (202) 220.1237
Facsimile: (202) 220.1665
patnaikg@pepperlaw.com

*Counsel for Andrea Electronics Corporation*

---

[2] Like the PTAB, the Administrative Law Judge's ("ALJ") Initial Determination in the 1026 Investigation similarly confirmed the validity of claims 6-9 of the '345 Patent. *Certain Audio Processing Hardware, Software, and Products Containing the Same*, Inv. No. 337-TA-1026, ID at 43 (Oct. 26, 2017) (attached hereto as Exhibit 1).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDREA ELECTRONICS CORPORATION,<br><br>          Plaintiff,<br><br>                    v.<br><br>APPLE INC.<br><br>          Defendant. | Case No.  2:16-cv-05220 (JMA)(SIL) |

<u>**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO LIFT STAY OF PROCEEDINGS**</u>

## <u>TABLE OF CONTENTS</u>

I.     Introduction ................................................................................................................. 1

II.    Factual and Procedural Background ........................................................................... 2
       A.     The 1026 Investigation and Stay ..................................................................... 2
       B.     The IPRs ........................................................................................................... 2

III.   The Stay Should be Lifted .......................................................................................... 4
       A.     Extending the Stay Will Not Simplify the Issues ........................................... 4
       B.     Extending the Stay Will Unduly Prejudice Andrea ........................................ 7
       C.     The Stage of the Case No Longer Supports Extending the Stay ..................... 7

IV.    Conclusion .................................................................................................................. 8

## I.      INTRODUCTION

Plaintiff Andrea Electronics Corporation ("Andrea") moves to lift the stay of these proceedings entered on December 20, 2016 on a motion made by Defendant Apple Inc. ("Apple") based on the parallel International Trade Commission ("ITC") investigation, captioned *Certain Audio Processing Hardware, Software, and Prods. Containing the Same*, Inv. No. 337-TA-1026 (the "1026 Investigation").  (Dkt. No. 11.)  During the pendency of the 1026 Investigation, Apple filed two *inter partes* review ("IPR") petitions at the Patent Trial and Appeal Board ("PTAB") regarding currently asserted U.S. Patent No. 6,363,345 (the "'345 Patent").  Although the parties agreed that the stay could continue through the July 24, 2018 statutory deadline for the final written decisions to issue in those IPRs, that deadline has long passed, with the PTAB concluding that multiple asserted claims of the '345 Patent are valid.

Rather than proceeding, Apple now seeks to further delay this action through the end of its Federal Circuit appeals of the PTAB's decisions.  Apple, however, is in no rush to prosecute those appeals, which are still in their infancy.  For instance, Apple filed its notice of appeal on the last possible day and sought and received a 31 day extension of time to file its opening appeal brief, extending its deadline to January 31, 2019.  *Apple Inc. v. Andrea Electronics Corp.*, Case No. 2018-2382, Order (Nov. 28, 2018) (attached hereto as Exhibit 2).

Apple's challenges before the Federal Circuit are not a basis for continuing the stay, and Andrea has been and will continue to be prejudiced by further delay in enforcement of its patent rights, which the PTAB (and the ITC ALJ) confirmed are valid.  Because the reasons supporting the stay no longer exist, the Court should not condone Apple's delay tactics, but instead should lift the stay and allow the case to move forward.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

### A.      The 1026 Investigation and Stay

Andrea filed the Complaint in this matter on September 19, 2016, alleging that Apple infringes certain claims of three U.S. Patents, including the '345 Patent.  (Dkt. No. 1).  Also on September 19, 2016, Andrea separately filed a complaint against Apple asserting the same patents in the ITC.  *See Certain Audio Processing Hardware, Software, and Prods. Containing the Same*, Inv. No. 337-TA-1026 (the "1026 Investigation").  On November 18, 2016, Apple filed an unopposed motion to stay pursuant to 28 U.S.C. § 1659(a) pending the ITC's final determination in the 1026 Investigation.  (Dkt. No. 11).  This Court granted Apple's motion to stay on December 20, 2016 and required Apple to notify the Court within seven days of the date on which the ITC's determination became final.  The ITC ALJ issued her initial determination ("ID") on October 27, 2017.  (*See* Ex. 1.)  The ITC then issued its determination on March 22, 2018, reviewing, but taking no position on the ID's finding of validity of the '345 Patent.  (*See* Ex. 3.)

On May 30, 2018, Apple notified this Court of the ITC's final determination, but requested that the stay remain in place pending resolution of IPR2017-00626 (the "'626 IPR") and IPR2017-00627 (the "'627 IPR") (collectively, "the IPRs").  (Dkt. No. 14).  Andrea agreed that the then existing stay could remain in place a short while longer, until the July 24, 2018 statutory deadline for final written decisions in the IPRs, despite the ITC's final determination. The parties further agreed to submit their positions regarding the stay at that time in view of the PTAB's final written decisions.

### B.      The IPRs

In January 2017, while this matter was stayed pursuant to 28 U.S.C. § 1659, Apple challenged the validity of Andrea's patent rights in a second venue by filing four IPR petitions

with the PTAB, collectively addressing all asserted claims, including two separate petitions against the asserted claims of the '345 Patent.  On July 25, 2017, the PTAB instituted the '626 and '627 IPRs.[3]

On July 12, 2018, the PTAB issued its final written decisions in the IPRs.  In the '626 IPR, Apple failed to show that claims 4-11 and 39-46 of the '345 Patent are unpatentable.  In the '627 IPR, Apple failed to show that claims 6-9, 17-20, 24, and 47 of the '345 Patent are unpatentable.  Thus, collectively, asserted claims 6-9 of the '345 Patent remain valid and enforceable over multiple validity challenges.

Andrea notified the Court of the final written decisions in the '626 and '627 IPRs on July 20, 2018 and requested that the stay be lifted.  (Dkt. No. 15.)  Apple notified the Court of the same PTAB decisions on July 23, 2018, but sought to extend the stay based on Apple's plan to appeal the PTAB decisions to the Federal Circuit.[4]  Andrea responded to Apple's letter on July 26, 2018 to address and correct misrepresentations and omissions made therein.  (Dkt. No. 17.)

On September 19, 2018 – the last day it could do so based on the statutory deadline – Apple filed its Petitioner's Notice of Appeal regarding both IPRs with the Federal Circuit pursuant to 37 CFR § 90.3 and 35 U.S.C. § 141.  *Apple Inc. v. Andrea Electronics Corp.*, Case No. 2018-2382, Petitioner's Notice of Appeal (Dkt. No. 1) (Fed. Cir. Sep. 18, 2018)) (attached hereto as Exhibit 4); *Apple Inc. v. Andrea Electronics Corp.*, Case No. 2018-2383, Petitioner's Notice of Appeal (Dkt. No. 1) (Fed. Cir. Sep. 18, 2018) (attached hereto as Exhibit 5).  Further

---

[3] Andrea chose not to contest Apple's IPRs against the other two originally asserted patents.

[4] Apple's letter did not acknowledge Andrea's prior request to lift the stay set forth in its July 20, 2018 letter.  (Dkt. No. 16.)

demonstrating its lack of urgency, Apple sought and was granted a 31-day extension of time for filing its Appellant's Opening Brief in both appeals.  (*See* Ex. 2).

## III.    THE STAY SHOULD BE LIFTED

"When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002); *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. January 11, 2017).  When deciding whether to lift a stay, courts consider the same three factors that were considered in imposing the stay: "(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party." *Rovi Guides, Inc. v. Comcast Corp.*, No. 16-cv-9278, 2018 U.S. Dist. LEXIS 59177, at *6 (S.D.N.Y. Apr. 5, 2018) (citations omitted); *see also Pers. Audio LLC*, 230 F. Supp. 3d at 626; *Regents of Univ. of Mich. v. St. Jude Med., Inc.*, No. 12-12908, 2013 WL 2393340, *2 (E.D. Mich. May 31, 2013).  The 1026 Investigation, which was the basis for the stay, has concluded.  The PTAB's July 12, 2018 final written decisions further confirmed the validity of Andrea's claims.  Thus, circumstances have changed that warrant lifting the stay.

### A.     Extending the Stay Will Not Simplify the Issues

A primary consideration in evaluating the efficacy of continuing a stay is judicial economy.  *See, e.g., Gramm v. Deere & Co.*, No. 3:14-cv-575, 2016 U.S. Dist. LEXIS 122991, *9 (N.D. Ind. Sept. 12, 2016) ("a full stay will…serve the interests of simplification and judicial economy"); *Equipments de Transformation IMAC v. Anheuser-Busch Cos.*, 559 F. Supp. 2d 809, 817 (E.D. Mich. 2008) ("judicial economy and fairness to all parties augurs in favor of a stay").  The key question is whether the stay is likely to lead to further simplification or resolution of the issues for trial.  *See, e.g., Regents of Univ. of Mich.*, 2013 WL 2393340, at *2; *One Number*

*Corp. v. Google Inc.*, No. 1:10-cv-312, 2012 U.S. Dist. LEXIS 59095, *5 (S.D. Ind. Apr. 26, 2012) ("the standard for lifting the stay centers around the likelihood that the issues would be further simplified").  This factor weighs heavily in favor of lifting the stay in this case.

Extending the stay will not further simplify these proceedings.  Indeed, the 1026 Investigation that caused the stay has already simplified the proceedings.  For instance, the parties engaged in and produced significant discovery related to the claims asserted in this case, precluding the need to re-litigate discovery disputes that were resolved in the ITC proceedings.

Further, the IPR proceedings are over and confirmed the validity of the four remaining asserted claims of the '345 Patent.[5]  Those IPR proceedings already simplified the issues in this case, reducing the number of asserted patents from three to one and the number of asserted claims in the remaining patent from thirty-four to four.  A four claim trial is manageable, and can proceed in an efficient and streamlined manner, especially where IPR estoppel will preclude further validity review.  *See* 35 U.S.C. § 315(e).  Thus, the administrative proceedings at the ITC and PTO have already served the interests of simplification and judicial economy.

Apple argues that a continued stay is appropriate based on its appeal of the IPRs to the Federal Circuit.  But Apple's plan to drag out the IPR process through appeals is not sufficient grounds to continue to delay these proceedings.  *See, e.g., Zoll Medical Corp. v. Respironics, Inc.*, C.A. No. 12-1778-LPS, 2015 U.S. Dist. LEXIS 92000, at *2, 4 (D. Del. July 8, 2015) ("The pendency of an appeal from the IPR, and the possibility that the Federal Circuit may reverse the PTO (and thereby simplify this litigation by, presumably, making it disappear), is not, in and of

---

[5] In the 1026 Investigation, the ALJ confirmed that the asserted claims of the '345 Patent are valid.  (*See* Ex. 1 at 43).  On review, the Commission took no position on the issue.  (*See* Ex. 3 at 1).

itself, a sufficient basis to make the patentee here continue to wait to enforce patent rights that it currently holds.").

The Eastern District of Wisconsin considered similar facts in *Milwaukee Elec. Tool Corp. v. Hilti, Inc.*, lifting the stay despite defendants' appeal to the Federal Circuit.  No. 14-cv-1288, 2016 U.S. Dist. LEXIS 180365 (E.D. Wis. Dec. 30, 2016).  The court explained that it "already has the benefit of the expert guidance of PTAB, and…now that those patents have survived IPR, there remains only a speculative possibility that the Federal Circuit will reverse the PTAB and invalidate them."  *Id.* at *7.

Similarly, here, a stay is no longer warranted based on the ITC proceedings or speculation that the Federal Circuit could reverse the PTAB's ruling on the four remaining claims in light of Apple's appeal.  *Id.*; *see also, e.g., Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, 2018 U.S. Dist. LEXIS 30209, *6 (D. Del. Feb. 26, 2018) (the "mere possibility (as opposed to 'reasonable likelihood') that the asserted claims could be invalidated [after an] appeal and [that this would] result in simplification is too speculative to be given much weight") (citing *Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*, No. 6:11-cv-492, 2015 U.S. Dist. LEXIS 31452 (E.D. Tex. Jan. 5, 2015)); *One Number Corp.*, 2012 U.S. Dist. LEXIS 59095, *3 (S.D. Ind. Apr. 26, 2012) (vacating stay where "Defendant has not provided any indication that it is likely to be successful before the BPAI or Federal Circuit [on appeal]…[and] fails to point to any new evidence that is likely to result in the PTO changing its position").

Nor is the remote possibility that Apple's appeal may succeed cause to extend the stay – Apple already presented its best prior art and invalidity arguments, which failed to convince both the PTAB (in two IPRs) and the ITC that claims 6-9 of the '345 Patent are invalid.  Accordingly, Apple's proposed appeal of the IPRs will not further simplify the issues.

This factor weighs in favor of lifting the stay.

**B.      Extending the Stay Will Unduly Prejudice Andrea**

Apple originally proposed that the stay should remain in place until July 24, 2018, specifically acknowledging the statutory deadline for the PTAB to complete the IPRs.  Despite this, Apple now attempts to extend the stay indefinitely pending an appeal to the Federal Circuit for which there is no such statutory deadline, and which Apple is not diligently prosecuting.  The stay has already continued for four months past the July 24, 2018 date initially proposed by Apple.  Any additional delay will further deprive Andrea of timely enforcement of its patent rights and thus unduly prejudice Andrea.  *See, e.g.*, *Pers. Audio*, 230 F. Supp. 3d at 627 (after a thirteen month stay, additional delay for appeals following IPRs would deprive plaintiff of timely enforcement of its rights); *Zoll Medical Corp. v. Respironics, Inc.*, C.A. No. 12-1778-LPS, 2015 U.S. Dist. LEXIS 92000, at *2, 4 (D. Del. July 8, 2015) (lifting stay where the action "has essentially been stalled for 2½ years, despite the claims of the patent-in-suit having been confirmed in IPR").

After over two years and a substantial narrowing due to the significant discovery in the ITC proceedings and through two IPRs, the stay in this case has outlived its usefulness, particularly because the PTAB (and the ITC ALJ) confirmed the validity of the claims subject to appeal.  Allowing the stay to continue during Apple's appeal will unduly prejudice Andrea and unnecessarily delay resolution of this matter.

This factor weighs in favor of lifting the stay.

**C.      The Stage of the Case No Longer Supports Extending the Stay**

Finally, Courts also consider the stage of the case in evaluating whether to lift a stay. While this case appears to be in its early stages, it has already significantly progressed through the parties' efforts involved in conducting two full administrative proceedings (before the ITC

7

and PTAB), including document discovery, written discovery, deposition discovery, expert discovery, and a full evidentiary hearing regarding infringement, validity, unenforceability, and Apple's other affirmative defenses before an Administrative Law Judge at the ITC.  Thus, Andrea believes that the fact discovery, expert discovery, and pre-trial phases of this action will be more targeted and efficient than in a typical patent infringement action, particularly given that only four asserted claims remain.  This is especially true given that the parties will be able to utilize the ITC record once the ITC transmits it from the 1026 Investigation to this Court pursuant to 28 U.S.C. § 1659(b).

Given the ITC and IPR proceedings in which the parties already engaged, the early procedural posture of this case does not favor continuing a stay.  *See, e.g.*, *Milwaukee Elec. Tool Corp. v. Hilti, Inc.*, 2016 U.S. Dist. LEXIS 180365, *7 (E.D. Wis. Dec. 30, 2016) ("The Court appreciates that substantial discovery remains to be done in this case and that this normally weighs in favor of a stay.  Yet, until the stay in this case is lifted, there will always be a great deal of discovery remaining.") (internal citations omitted).

When viewed in context of the parties' prior proceedings, this factor weighs in favor of lifting the stay.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff Andrea Electronics Corporation respectfully requests that this Court lift the stay and allow the case to proceed.

Dated:  November 29, 2018                    Respectfully submitted,


                                             */s/ Goutam Patnaik*
                                             Goutam Patnaik
                                             Pepper Hamilton LLP
                                             600 14th Street, NW

Washington, DC 20005
Telephone: (202) 220.1237
Facsimile: (202) 220.1665
patnaikg@pepperlaw.com

*Counsel for Andrea Electronics Corporation*