UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANDREA ELECTRONICS CORP.,                           For Online Publication Only

                    Plaintiff,

  -against-                                          **MEMORANDUM AND ORDER**
                                                                            16-CV-5220 (JMA) (SIL)
APPLE INC.,

                    Defendant.
----------------------------------------------------------X
**APPEARANCES:**

Goutam Patnaik
Pepper Hamilton LLP
600 14th Street, NW
Washington, DC 20005
    *Attorney for Plaintiff*

Ching-Lee Fukuda and Ketan Vinodkumar Patel
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
    *Attorney for Defendant*

**AZRACK, United States District Judge:**

      Plaintiff, Andrea Electronics Corporation ("Andrea" or "Plaintiff"), commenced this patent infringement action in September 2016. This case has been stayed since December 2016. Before the Court is Andrea's motion to lift the stay of proceedings (ECF No. 19), together with the defendant, Apple Inc.'s ("Apple" or "Defendant") cross-motion to extend the stay of proceedings pending resolution of the appeal before the Court of Appeals for the Federal Circuit. (ECF No. 21.) For the reasons set forth below, Plaintiff's motion to lift the stay is DENIED and Defendant's cross-motion to continue the stay is GRANTED.[1]

---

[1] The Court denies the parties' request for oral argument, (ECF No. 22), as the issues can be resolved on the papers.

In December 2016, the Court granted Apple's unopposed motion to stay this action pending final determination of the United States International Trade Commission ("ITC") investigation, as 28 U.S.C. § 1659(a) provides for a stay of district court actions pending disposition of an ITC investigation. (ECF Nos. 11–13; Electronic Order, Dec. 20, 2016.) While the ITC investigation was pending, in January 2017, Apple filed three petitions with the Patent Trial and Appeal Board (the "PTAB") requesting <u>inter</u> <u>partes</u> review ("IPR") of the patents at issue, and the PTAB instituted reviews on each of the petitions. (Patel Decl., Ex. 2, ECF No. 21-4.) Andrea then filed two requests for adverse judgment, cancelling all claims for two of the three patents, which left only the claims regarding the '345 patent. (Patel Decl., Ex. 3, ECF No. 21-5.) When the ITC's decision became final in May 2018, Apple informed the Court that the PTAB's final written decision regarding the validity of the claims of the '345 patent was expected by July 24, 2018. (Notice, May 30, 2018, ECF No. 14.) The parties agreed to continue the stay until the issuance of the PTAB decision and indicated they would then submit their respective positions regarding any further stay. (<u>Id.</u>)

In its final written decisions, the PTAB found that all but four of the claims of the '345 patent were unpatentable, but determined that Apple had failed to show claims 6-9 were unpatentable. (Patel Decl., Exs. 4, 5, ECF Nos. 21-6, 21-7.) Apple filed a timely Notice of Appeal regarding claims 6-9, and that appeal is now fully briefed before the Federal Circuit. (Federal Circuit Appeals Docket No. 18-2382.) Apple seeks to continue the stay pending a decision by the Federal Circuit, while Andrea asserts that the stay should be lifted.

Pursuant to the Court's power to control its docket, it may, in its discretion, stay proceedings pending a final resolution of IPR proceedings appealed to the Federal Circuit. <u>See</u> <u>Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc.</u>, No. 16-CV-4236, 2016 WL 6094114, at *2 (S.D.N.Y. Oct. 18, 2016) (recognizing the decision to grant a stay pending appeal of IPR

2

proceedings to the Federal Circuit is within the district court's sound discretion). In assessing the merits of a motion to stay pending IPR proceedings, district courts generally examine three factors: "'(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party.'" Id. (quoting CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc., No. 13-CV-5669, 2014 WL 2854656, at *2 (S.D.N.Y. Jun. 20, 2014)). In assessing such a motion to stay, the Court must consider the totality of the circumstances. See Id. (quoting Rensselaer Polytechnic Inst. v. Apple Inc., No. 13-CV-0633, 2014 WL 201965, at *3 (N.D.N.Y. Jan. 15, 2014)). Here, the totality of the circumstances weighs in favor of continuing the stay pending final resolution of the IPR proceedings on appeal to the Federal Circuit.

The first factor weighs in favor of the stay. As Apple points out, should the Federal Circuit reverse the PTAB decision and invalidate claims 6-9, its ruling will be dispositive of this action. (See ECF No. 20 at 5–6; ECF No. 21-1 at 8–10.) In response, Andrea highlights the low reversal rate of the Federal Circuit's review of PTAB decisions, so the potential for reversal is not dispositive. (ECF No. 21-9 at 3–5.) Apple also contends that the Federal Circuit's opinion, even if it upholds the PTAB decision, will clarify the definition of the claim term "periodically," which appears in all four claims and is being challenged on appeal. (See ECF No. 20 at 5–6; ECF No. 21-1 at 8–10.) The Court will not speculate about how the Federal Circuit will define "periodically," but acknowledges its potential to change the contours of this case. Ultimately, the Court notes that the conservation of judicial resources weighs in favor of extending the stay—to move towards trial on claims 6-9 and then find the construction of the claims has changed, or the claims themselves have been invalidated, would result in unnecessarily expended judicial resources. As Apple's appeal is now fully briefed before the Federal Circuit, the Court is inclined to wait for its guidance on the construction of claims 6-9 before moving forward with this action.

The second factor also weighs slightly in favor of the continued stay. While the parties conducted discovery in the administrative proceedings, no fact or expert discovery in this Court has taken place. The Court recognizes that this case was stayed in its infancy which is why it remains in such early stages, and that it will never move past the early stages unless the stay is lifted. However, Apple merely requests to continue the status quo, rather than to halt a case that was steadily moving towards trial, which weighs in favor of continuing the stay.

Finally, Andrea has not demonstrated that it will be unduly prejudiced by the continued stay. Andrea does not contest Apple's assertion that the '345 patent was set to expire in early 2019, which seemingly disposes of any continuing enforcement or licensing harms Andrea refers to its motion papers. While the Court recognizes that this case has been stayed for more than two years, it is not clear that a continued stay will <u>unduly</u> prejudice Andrea, particularly as the relevant evidence, at least through the close of ITC fact discovery in May 2017, was preserved by the ITC investigation. Thus, considering the totality of the circumstances here, the Court exercises its discretion to continue the stay.

For the reasons stated above, Plaintiff's motion to lift the stay is DENIED and Defendant's cross-motion to continue the stay is GRANTED. The case is hereby stayed pending final resolution of the IPR proceedings before the Court of Appeals for the Federal Circuit. Apple is directed to inform the Court within seven (7) days of a decision from the Federal Circuit.

**SO ORDERED.**
Dated: August 6, 2019
Central Islip, New York

                                                 /s/ (JMA)
                                                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE